**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GREGORY HAYDEL, JR, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-954** |
| **OCEAN HARBOR CASUALTY INSURANCE COMPANY** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Gregory Haydel, Jr. and Scotti Haydel (collectively, "Plaintiffs") Motion to Remand.[1] Plaintiffs argue that the case should be remanded because it is not facially apparent that the amount in controversy exceeds $75,000.[2] Defendant Ocean Harbor Casualty Insurance Company ("Defendant") opposes the motion and argues that the amount in controversy is facially apparent.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the Motion to Remand.

## I. Background

This litigation arises out of alleged damage to Plaintiffs' property during Hurricane Ida.[4] Plaintiffs filed a petition for damages against Defendant (the "Petition") in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on January 12, 2023.[5] According to the Petition, Plaintiffs purchased an insurance policy (the "Policy") from Defendant insuring the property

---

[1] Rec. Doc. 6.

[2] *Id.* at 1.

[3] Rec. Doc. 7 at 1.

[4] *See* Rec. Doc. 1-1 at 1.

[5] *Id.*

1

located at 5049 Shell Road, Lafitte, Louisiana 70067 (the "Property").[6] In the Petition, Plaintiffs aver that, on August 29, 2021, the Property suffered wind and rain damage as a result of Hurricane Ida.[7] According to the Petition, Plaintiffs submitted a proof of loss to Defendant, but it arbitrarily and capriciously denied the claim.[8] Plaintiffs allege that they are owed "all benefits due and owing under the Policy."[9] Plaintiffs bring claims against Defendant for breach of contract and bad faith insurance adjusting under Louisiana Revised Statute §§ 22:1892 and 22:1973.[10]

On March 16, 2023, Defendant removed the action to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332.[11] In the Notice of Removal, Defendant avers that the parties are completely diverse because Plaintiffs are citizens of Louisiana and Defendant is a corporation organized under the laws of Florida with its principal place of business in Florida.[12] Furthermore, the Notice of Removal states that it is facially apparent that the amount in controversy exceeds $75,000.[13] Defendant asserts that it sent Plaintiffs' counsel a stipulation that the amount in controversy does not exceed $75,000, but Plaintiffs' counsel did not return the stipulation.[14]

---

[6] *Id*. at 4.

[7] *Id*.

[8] *Id.*

[9] *Id*. at 5.

[10] *Id*.

[11] Rec. Doc. 1.

[12] *Id*. at 2.

[13] *Id*. at 3–4.

[14] *Id*.

On April 12, 2023, Plaintiffs filed the instant motion to remand.[15] On April 25, 2023, Defendant opposed the motion.[16]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of Remand*

Plaintiff argues that removal was improper because it is not facially apparent that the amount in controversy exceeds $75,000.[17] Plaintiffs contend that their failure to sign the stipulation regarding the amount in controversy was not an "unequivocally clear and certain" voluntary act by Plaintiffs that made the case removable.[18] Therefore, Plaintiffs assert that Defendant has not proved that the amount in controversy is met.[19]

### B.    *Defendant's Arguments in Opposition*

Defendant asserts that the amount in controversy is facially apparent.[20] Defendant points out that the Policy has an aggregate limit of $90,000, and Plaintiffs have alleged they are owed "all benefits due and owing under the Policy" and statutory penalties for bad faith insurance adjusting.[21] Therefore, Defendant argues that Plaintiffs' damage allegations exceed the $75,000.00 jurisdictional threshold.[22]

---

[15] Rec. Doc. 6.

[16] Rec. Doc. 7.

[17] Rec. Doc. 6-1 at 1.

[18] *Id.* at 3.

[19] *Id.*

[20] Rec. Doc. 7 at 3.

[21] *Id.*

[22] *Id.*

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[23] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[24] The removing party bears the burden of demonstrating that federal jurisdiction exists.[25]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[26] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[27]

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[28] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[29] If the plaintiff pleads damages less than the jurisdictional amount, this figure

---

[23] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[24] 28 U.S.C. § 1332(a)(1).

[25] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[26] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[27] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[28] *See Allen*, 63 F.3d at 1335.

[29] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

will also generally control, barring removal.[30] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[31]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[32] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[33] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[34] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[35] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[36] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable

---

[30] *Id.*

[31] *Id.*

[32] *See* La. Code Civ. P. art. 893.

[33] *Id.*

[34] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[35] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[36] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

only if relevant to that period of time."[37]

## IV. Analysis

Plaintiffs argue that the case should be remanded because it is not facially apparent that the amount in controversy exceeds $75,000.[38] Defendant responds that the amount in controversy is facially apparent.[39] The parties do not contest that they are completely diverse.[40] Therefore, at issue here is whether the amount in controversy condition is met to confer subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Defendant argues that it is apparent from the face of the Petition that the value of the underlying claim exceeds $75,000.[41] Although Defendant need not calculate the precise value of the claim,[42] it is not apparent from the face of the Petition that the amount in controversy is met. The Petition states that "the Property sustained wind and rain damage as a result of Hurricane Ida."[43] According to the Petition, Plaintiffs submitted a proof of loss to Defendant, but it arbitrarily and capriciously denied the claim.[44] The Petition states that Defendants are liable for "all benefits due and owing under the policy, and for all damages, including compensatory and consequential,

---

[37] *Allen*, F.3d at 1335.

[38] Rec. Doc. 6-1.

[39] Rec. Doc. 7.

[40] The parties are completely diverse because Plaintiffs are citizens of Louisiana and Defendant is a corporation organized under the laws of Florida with its principal place of business in Florida. Rec. Doc. 1 at 2.

[41] *See* Rec. Doc. 7 at 3.

[42] *See, e.g.*, *Luckett*, 171 F.3d at 298; *Gebbia*, 233 F.3d at 883.

[43] Rec. Doc. 1-1 at 4.

[44] *Id.*

caused by [Defendant's] bad faith breach of its contractual obligations under the Policy."[45] The Petition does not include any additional information regarding the extent of damages to the Property.

Defendant argues that the amount in controversy is facially apparent because the Policy has an aggregate limit of $90,000, and Plaintiffs have alleged they are owed "all benefits due and owing under the Policy."[46] When a plaintiff seeks to recover under an insurance policy, the amount in controversy is governed by the value of the claim, not the value of the underlying policy, unless the value of the claim exceeds the value of the policy.[47] Defendant suggests that Plaintiffs are seeking the policy limit because Plaintiffs allege that they are entitled to "all benefits due and owing under the Policy."[48] This argument misconstrues the plain language of the Petition. Plaintiffs allege that they submitted a proof of loss to Defendant, but Defendant arbitrarily and capriciously denied the claim. Plaintiffs allege that they are entitled to all benefits due and owing under the Policy for this claim, not that the amount claimed meets or exceeds the policy limit. Despite allegedly receiving a proof of loss from Plaintiffs, Defendant has not presented any information regarding the value of the claim that was submitted.[49] Without more specific information, the Court cannot say that Defendant has met its burden of showing that it is more

---

[45] *Id.* at 5.

[46] Rec. Doc. 7 at 3.

[47] *Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (noting that "when a claim exceeds the policy limits, the policy limits, rather than the larger value of the claim, determine the amount in controversy"); *Mercier v. Allstate Ins. Co.*, No. 06-9861, 2007 WL 210786, at *2 (E.D. La. Jan. 17, 2007) ("In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.").

[48] Rec. Doc. 7 at 3.

[49] Defendant submits a payment summary showing that it has tendered $33,962.19 to Plaintiffs to date. Rec. Doc. 7-3 at 3. The payment summary does not show the value of the claim Plaintiffs submitted.

likely than not that the amount in controversy requirement is satisfied based only on the face of the Petition.

Furthermore, Defendant's argument that Plaintiffs' failure to stipulate that their damages are less than $75,000 establishes that their damages exceed $75,000 is unavailing. The burden on Defendant "to produce information" that the amount in controversy exceeds $75,000 is an "affirmative" one.[50] A plaintiff's failure to stipulate or admit to an amount in controversy is just one factor a court considers in determining whether a defendant has met its burden regarding the jurisdictional amount.[51] This is because, in part, the Fifth Circuit has made clear that a "party may neither consent to nor waive federal subject matter jurisdiction."[52] The Court must determine for itself if it has subject matter jurisdiction.[53] Given Defendant's failure to provide this Court with sufficient information from which it can conclude whether Defendant has satisfied the amount in controversy requirement, Plaintiffs' failure to stipulate prior to removal does not resolve the issue.

Since Defendant cannot rely on the face of the Petition to establish that the amount in controversy requirement is satisfied, Defendant must produce additional facts to support that the

---

[50] *Simon*, 193 F.3d at 851 (holding that defendant "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000.") (internal citation and quotation marks omitted)).

[51] *Riley v. S. Fidelity Ins. Co.*, No. 11-1482, 2011 WL 3567515, at *5 (E.D. La. Aug. 12, 2011) (citing *Meza v. Best Western Int'l, Inc.*, No. 10-2623, 2010 WL 5146524, at *2 n. 3 (E.D. La. Dec. 8, 2010) & *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006)) (finding that "'a failure to stipulate is only one factor to consider in determining whether a defendant has met its burden' regarding the amount in controversy").

[52] *Simon*, 193 F.3d at 850.

[53] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) ("[S]ubject matter delineations must be policed by the courts on their own initiative.").

value of the underlying claim exceeded $75,000 at the time of removal.[54] In filing the instant motion, Defendant has not presented any additional facts to support the value of the underlying claim. As the Fifth Circuit has recognized, such "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[55] Therefore, Defendant has failed to meet its burden of establishing that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Gregory Haydel, Jr. and Scotti Haydel's Motion to Remand[56] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana for further proceedings.

**NEW ORLEANS, LOUISIANA**, this __17th__ day of May, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[54] The Fifth Circuit has instructed that "[i]n situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *See Allen*, 63 F.3d at 1336.

[55] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[56] Rec. Doc. 6.